

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-31-2002

# USA v. Moore

Precedential or Non-Precedential:

Docket 1-3211

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Moore" (2002). *2002 Decisions.* Paper 78.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/78

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 01-3211
_____


UNITED STATES OF AMERICA

v.

JASON WAYNE MOORE,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
D.C. Criminal No. 01-cr-00022
(Honorable Joseph E. Irenas)
_____


Argued October 12, 2001

Before:  BECKER, Chief Judge, SCIRICA and GREENBERG, Circuit Judges

(Filed: January 31, 2002)


CHRISTOPHER H. O'MALLEY, ESQUIRE (ARGUED)
Office of Federal Public Defender
800 Hudson Square, Suite 350
Camden, New Jersey 08102

    Attorney for Appellant


RICARDO SOLANO, JR., ESQUIRE (ARGUED)
Office of United States Attorney
970 Broad Street, Room 700
Newark, New Jersey 07102

    Attorney for Appellee


_____

MEMORANDUM OPINION
_____

SCIRICA, Circuit Judge.

Jason Moore pled guilty under a plea agreement to the misdemeanor of manufacturing paper similar in size to U.S. currency (18 U.S.C.  491). He was sentenced to 12 months' imprisonment, one year supervised release, a $25 assessment and restitution of $320 to Six Flags Great Adventure Theme Park.

The issue on appeal is whether the District Court erred in not applying the minor role deduction under U.S.S.G.  3B1.2.  We will affirm.

I.

Moore was involved in a counterfeit money operation led by David Delisi that also involved Kirsten Kirch and two other juveniles.  On July 19, 1999, Moore, Delisi and one of the juveniles passed three counterfeit $20 Federal Reserve notes at a convenience store in Jackson, New Jersey.  Joined by Kirch and the other juvenile, they subsequently passed a total of 16 counterfeit $20 notes at Six Flags Great Adventure Theme Park in Jackson.

Delisi accepted responsibility as the leader of the operation.  He created the counterfeit notes at his home using a personal computer, scanner, printer and paper cutter. Moore assisted in manufacturing by cutting sheets of counterfeit notes into individual notes.  With Moore's assistance, Delisi created $2000 in counterfeit $20 notes.

The statutory maximum sentence under 18 U.S.C.  491(b) is 12 months' imprisonment.  Moore's base offense level was 9.  U.S.S.G.  2B5.1.  In his plea agreement, Moore stipulated to an offense level of 15 for his involvement in manufacturing counterfeit currency.  U.S.S.G.  2B5.1(b)(2).  Two levels were reduced because Moore had clearly accepted responsibility for his actions. U.S.S.G.  3E1.1(a). With an adjusted offense level of 13 and a Criminal History Category of I, Moore's sentencing guideline range was 12 to 18 months' imprisonment.  The sentencing judge denied Moore's motion for a minor role deduction under U.S.S.G.  3B1.2 and sentenced Moore to 12 months' imprisonment.

II.

Moore contends the denial of his  3B1.2 motion was not factually supported.  We review  3B1.2 denials based on allegedly faulty factual findings for clear error.  United States v. Isaza-Zapata, 148 F.3d 236, 237 (3d Cir. 1998) (citing United States v. Bierley,

922 F.2d 1061, 1064 (3d Cir. 1990)). A "minor role" deduction is applicable when the defendant was less culpable than most of the other participants. U.S.S.G. 3B1.2, Application Note 3. Sentencing courts have broad discretion in applying 3B1.2, "and their rulings are left largely undisturbed by the courts of appeal." Isaza-Zapata, 148 F.3d at 238. The factual determination depends on "(1) the defendant's awareness of the nature and scope of the criminal enterprise; (2) the nature of the defendant's relationship to the other participants; and (3) the importance of the defendant's actions to the success of the venture." United States v. Brown, 250 F.3d 811, 819 (3d Cir. 2000). These factors should be weighed comparatively between the defendant and other participants. Id. at 819. The record supports the sentencing court's determination that Moore was not less culpable than most of the participants involved in the criminal conduct. We see no clear error.

Moore also contends the District Court mistakenly believed a 3B1.2 deduction could not be granted in a misdemeanor conviction. This claim is meritless.

## III.

For the foregoing reasons, we will affirm the judgment of conviction and sentence.

TO THE CLERK:

Please file the foregoing opinion.


/s/Anthony J. Scirica
Circuit Judge